**NOT FOR PUBLICATION**

FILED

SEP 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANNA DAMISSE ALAMUU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-71448<br><br>Agency No. A097-856-221<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District
Judge.[**]

Petitioner Hanna Damisse Alamuu, a native and citizen of Ethiopia, petitions

for review of the Board of Immigration Appeals' (BIA's) decision affirming the

Immigration Judge's (IJ's) denial of her application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Thomas F. Hogan, Senior United States District Judge
for the District of Columbia, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). Alamuu seeks asylum, withholding of removal, and CAT relief based on persecution because of her active membership in the Oromo Liberation Front (OLF), which opposes government oppression of the Oromo people. She claims to have been arrested, raped, and tortured on two occasions by police because of her OLF membership. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition for review with regard to the asylum claim, and grant the petition with regard to the withholding of removal and CAT claims. We reverse and remand for further proceedings consistent with this disposition.

Alamuu seeks review of the IJ's determination that she had not "met her burden of proving that she filed her request for asylum within one year of arriving in the United States." However, we only have jurisdiction to consider questions of law or questions involving "the application of statutes or regulations to undisputed facts." *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Here, Alamuu's date of entry into the United States was disputed; therefore, we do not have

jurisdiction to review the BIA's determination that Alamuu was ineligible for asylum.[1]

Alamuu also seeks review of her withholding of removal and CAT claims. The IJ denied these claims, finding that Alamuu was not credible based on a number of factors. However, none of those findings is supported by substantial evidence. *See Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005) (holding that we independently review each ground the IJ cites in support of an adverse credibility finding). First, the IJ found that Alamuu did not know enough about OLF's goals and that it was "implausib[le]" that she was an active OLF member.[2] However, Alamuu spoke only of her own non-violent involvement in the group and did not deny that other factions may engage in armed conflict. Furthermore, the record evidence confirmed that suspected OLF members are arrested and

[1] We note that the IJ's finding that Alamuu had not met her burden of proving her arrival date was based entirely on his finding that she was not credible. In relation to Alamuu's withholding of removal and CAT claims, over which we do have jurisdiction, we find that the IJ's adverse credibility determination was not supported by substantial evidence.

[2] The IJ also stated that "[OLF] terrorist activities, involving armed groups of OLF supporters, make it clear to the Immigration Court that the OLF membership, including the respondent, have no regard for the human rights of any other ethnic group in Ethiopia." This broad statement conflicts with the IJ's previous conclusion that Alamuu was not actually a member of the OLF, thus further undermining the adverse credibility determination on this issue.

detained arbitrarily and subjected to human rights abuses, and that while there are armed "elements" of the OLF, not all OLF members participate or believe in armed conflict. This is consistent with Alamuu's testimony.

Second, the IJ found that Alamuu's birth certificate, OLF membership card, and police summons were fraudulent. The IJ's suspicions about these documents arose, in part, from the misspelling of an English word on a seal affixed to Alamuu's police summons. However, the DHS forensic laboratory found no evidence of tampering with the police summons. Further, the IJ mistakenly believed that the official seal on Alamuu's birth certificate was also misspelled and that there was a pattern of errors on official seals. Given Alamuu's explanations regarding the three documents and the IJ's mistaken perception of a pattern of errors, we find that substantial evidence does not support the IJ's adverse credibility determination on this issue.

Third, contrary to the IJ's finding, Alamuu's testimony regarding her participation in the June 17, 2003 OLF demonstration was not inconsistent because she explained that, although she had not planned on participating in the OLF demonstration taking place at her school, she was drawn into it after arriving there to drop off an exam.

Finally, Alamuu's OLF background documents are not, as the IJ contends, "fanciful news releases that are nothing more than fabrications concerning fictional events." The documents, mostly Amnesty International and Human Rights Watch reports, are consistent with the government-issued background information; further, it is not surprising, or inherently problematic, that the OLF literature that Alamuu provided is pro-OLF. *Cf. Matter of Acosta*, 19 I. & N. Dec. 211, 218 (BIA 1985) (holding that an applicant's testimony cannot be rejected solely because it may be viewed as self-serving), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). Furthermore, the IJ never gave Alamuu an opportunity to address his concerns about these documents. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (holding that an IJ must provide a petitioner with an opportunity to explain inconsistencies that form the basis of an adverse credibility determination).

For the foregoing reasons, we find that the IJ's adverse credibility determination was not supported by substantial evidence, and we reverse and remand to the BIA for consideration of Alamuu's withholding of removal and CAT claims.

Each party shall bear its own costs.

**Petition DENIED in part, GRANTED in part, and REMANDED.**

-5-